UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| David Levon Graham, | ) | C/A No. 4:10-2570-DCN-TER |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Officer Harring, | ) | |
| Defendant. | ) | |

The Plaintiff, David Levon Graham ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] It appears that Plaintiff is a detainee at the J. Reuben Long Detention Center in Conway, South Carolina. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint appears to name an officer/employee of the detention center as the Defendant.[2] Plaintiff claims that the Defendant used excessive force against him on January 25, 2009. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, the Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the Plaintiff had prepaid the full filing fee, this Court is charged with screening the Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v.*

*Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges that the Defendant used excessive force against him on January 25, 2009, at the J. Reuben Long Detention Center when the Defendant shocked him with a taser while Plaintiff was handcuffed in an attempt to quiet Plaintiff from talking back and cursing. Plaintiff alleges that he did receive a shock from the taser. Plaintiff seems to allege that, immediately prior to the taser incident, Plaintiff and the Defendant had a verbal altercation about whether Plaintiff could give his food tray to another detainee. After the Defendant used the taser on Plaintiff, it appears that Plaintiff stated to the Defendant "I'm pressing charges on you XXX!" Then, Plaintiff was allegedly placed into maximum security. While Plaintiff's factual

3

allegations attempt to raise a legal claim for excessive force, this action should be dismissed because Plaintiff does not seek any relief which this Court may grant.

If Plaintiff believes that the Defendant's action were a violation of the criminal law (e.g., Plaintiff stated that he would press charges), Plaintiff cannot have this Court prosecute criminal charges against the Defendant as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). Accordingly, the relief the Plaintiff may be seeking, criminal prosecution of the Defendant, is not available through this lawsuit.

If Plaintiff does not intend to seek a prosecution of the Defendant by bringing this action, this Court still cannot discern any relief whatsoever that Plaintiff requests. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions . . . ." *Humphreys v. Renner*, No. C 94-2071 MHP, 1996 WL 88804, *2 (N.D. Cal. Feb. 26, 1996), *following FCC v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Pub. Serv. Co. v. United States Envtl. Prot. Agency*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). Even applying liberal pleading standards as required by the Supreme Court

in *Erickson v. Pardus*, 551 U.S. 89 (2007), the Plaintiff did not make a demand for relief in the Complaint other than a possible request to press charges. *See Jones v. Bock*, 549 U.S. 199, 214 (2007) (noting that prior to the PLRA § 1915(d) permitted *sua sponte* dismissal only if an action was frivolous or malicious and that now § 1915(e) provides that failure to state a claim is a separate ground for *sua sponte* dismissal). See *also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that district courts are required to screen the merits of *in forma pauperis* complaints and "'to exclude suits that have no arguable basis in law or fact.'") (citation omitted). Accordingly, the Complaint should be dismissed for failure to state a claim on which relief may be granted.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The Plaintiff's attention is directed to the important notice on the next page.**

December 8, 2010
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States District Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).